# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN W. O'NEILL,             :
          Petitioner,       :
                                :
          v.                 :         **CIVIL ACTION**
                                :         **NO. 15-6583**
**THE DISTRICT ATTORNEY OF THE**   :
**COUNTY OF PHILADELPHIA et al.,**   :
          Respondents.    :

## O R D E R

**AND NOW**, this 28th day of September 2017, having considered the Petition for Writ of

*Habeas Corpus* filed by Petitioner John W. O'Neill (Doc. No. 1), the Response in Opposition to

the Petition (Doc. No. 22), the Petitioner's Reply (Doc. No. 25), U.S. Magistrate Judge Richard

A. Lloret's Report & Recommendations ("R&R," Doc. No. 26), Petitioner John W. O'Neill's

Objections to the Report & Recommendations (Doc. No. 30), the state court record, and

Petitioner John W. O'Neill's Motion for Production of Documents (Doc. No. 31) it is hereby

**ORDERED** that:

     1.      The Report & Recommendations are **APPROVED** and **ADOPTED**.

     2.      Mr. O'Neill's Objections are **OVERRULED**.[1]

---

[1] Mr. O'Neill argues that (1) the Magistrate Judge erred in finding that Mr. O'Neill procedurally defaulted on his claim of ineffective assistance of counsel, Obj. at 2, and (2) that the R&R does not address prejudice for Mr. O'Neill's ineffective assistance claims concerning the issue of prior bad acts. Obj. at 3. As to his first claim, the R&R was correct that some of Mr. O'Neill's claims were procedurally defaulted. Mr. O'Neill argues that despite this flaw, *Martinez* should govern. *Martinez v. Ryan*, 566 U.S. 1 (2012). *Martinez* allows a defendant to overcome procedural default by demonstrating cause and prejudice for the default. However, Mr. O'Neill has not shown any prejudice by reason of his default at the PCRA proceeding because his claims (a) lack a legal basis and (b) the overwhelming evidence points to his guilt. In other words, even if his claims were not procedurally defaulted, they would fail on the merits. This means there was no prejudice in the PCRA proceeding sufficient to invoke *Martinez*. As to his second claim, Mr. O'Neill is correct that Judge Lloret declined to discuss the prejudice requirement of *Strickland v. Washington*, 466 U.S. 668 (1984). However, because Judge Lloret found that that counsel's performance was not deficient, he did not need to discuss whether there was prejudice, since both prongs are required to make a showing of ineffective assistance of counsel.

3.	The Petition for Writ of *Habeas Corpus* (Doc. No. 1) is **DENIED.**

4.	There is no probable cause to issue a certificate of appealability.[2]

5.	The Motion for Production of Documents (Doc. No. 31) is **DENIED**.[3]

6.	The Clerk of Court shall mark this case **CLOSED** for all purposes, including statistics.

BY THE COURT:


S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge

---

[2] A certificate of appealability may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Lambert v. Blackwell*, 387 F.3d 210, 230 (3d Cir. 2004). The Court agrees with Magistrate Judge Lloret that there is no probable cause to issue such a certificate in this action.

[3] The relevant portion of AEDPA reads: "If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that—(A) the claim relies on—(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2254(e)(2). Mr. O'Neill's claim neither relies on a new rule of constitutional law made retroactive, nor does he argue any factual predicate that could not have previously been discovered through due diligence. Therefore, Mr. O'Neill cannot receive an evidentiary hearing, and any requests to compel evidence likewise fail.